# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

vs

SAMUEL E. WAHBA

Case Number. 8:13-cr-232-T-30EAJ
USM Number: 58658-018

Bjorn Erik Brunvand, Retained

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Information. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Health Care Fraud, to Make False Statements to a Federal Agency, to File False Claims for Payment to Federal Health Care Programs and to Conceal and to Fail to Disclose Exclusion from Federal Health Care Programs in Connection with Claims for Payment | May 2, 2013 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

November 7, 2013

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

November 7, 2013

SAMUEL E. WAHBA
8:13-cr-232-T-30EAJ

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TWENTY-FOUR (24) MONTHS as to Count One of the Information.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

SAMUEL E. WAHBA
8:13-cr-232-T-30EAJ

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Count One of the Information.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | Waived | N/A |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in plea agreement that are subject to forfeiture.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:13-cr-232-T-30EAJ

SAMUEL WAHBA

## ORDER VACATING THE PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS

The United States moves to amend the Forfeiture Money Judgment and Preliminary Order of Forfeiture for Substitute Assets (Doc. 25) by vacating the preliminary order of forfeiture for substitute assets.

Pursuant to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the court held that the United States was entitled to a forfeiture money judgment against the defendant, and on October 31, 2013 the court entered a forfeiture money judgment in the amount of $5,281,931.00 against defendant Samuel Wahba, representing the amount of proceeds he obtained as a result of the conspiracy to commit health care fraud offenses, in violation of 18 U.S.C. § 1347, 18 U.S.C. § 1001(a)(2) and (a)(3), 18 U.S.C. § 1035(a)(2), and 42 U.S.C. § 1320a-7b(a)(3), all in violation of 18 U.S.C. § 371, as charged in Count One of the Information.

To satisfy the defendant's money judgment, the court further found that the United States was entitled, pursuant to 21 U.S.C. § 853(p), to forfeit any property belonging to the defendant as a substitute asset up to and including the amount of $5,281,931.00.

The court now finds that it is in the best interest of the United States to vacate the Preliminary Order of Forfeiture for the following substitute assets:

    a.    a 2013 Audi Q7 Quattro 4dr 3.0T S line Prestige, Vehicle Identification No. WA1DGAFE8DD014159;

    b.    a 1991 Porsche 911 coupe, Vehicle Identification No. WP0AA2960MS480314; and

    c.    a 2012 Thor Motor Coach, Vehicle Identification No. 1F66F5DY8C0A00325.

Accordingly, it is hereby ORDERED:

1. That the United States' motion is GRANTED.

2. Pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the Forfeiture Money Judgment (Doc. 25) against defendant Samuel Wahba in the amount of $5,281,931.00 shall remain in full force and effect.

3. The Preliminary Order of Forfeiture for the Substitute Assets (Doc. 25) described above is hereby VACATED. The defendant will sell the Audi vehicle and the proceeds will be furnished to the government in partial satisfaction of the defendant's money judgment. The proceeds from the sale of the 1991 Porsche 911 coupe and the 2012 Thor Motor Coach also will be furnished to the United States in partial satisfaction of the defendant's money judgment.

4. The Court retains jurisdiction to enter any further order necessary for the forfeiture and disposition of these assets and any property belonging to the defendant that the government may seek as substitute assets, up to the

value of the money judgment, and to address any third party claim that may be asserted in these proceedings.

5. Upon receipt by the government, the defendant's money judgment will be credited with the proceeds from the sale of the properties described above.

**ORDERED** in Tampa, Florida, on November 7, 2013

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel/Parties of Record